JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

## DEFENDANTS

**(b)**   County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                      *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury  - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
Proceeding

☐ 2   Removed from
State Court

☐ 3   Remanded from
Appellate Court

☐ 4   Reinstated or
Reopened

☐ 5   Transferred from
Another District
*(specify)*

☐ 6   Multidistrict
Litigation -
Transfer

☐ 8   Multidistrict
Litigation -
Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**      ☐ Yes    ☐No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## DESIGNATION FORM

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | | |
|---|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☐ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☐ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☐ |

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   **/s/Charles M. Adams, CPCU, Esquire**   _____
                                                              *Attorney-at-Law / Pro Se Plaintiff*                              *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**   *Federal Question Cases:*

☐ 1.   Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.   FELA
☐ 3.   Jones Act-Personal Injury
☐ 4.   Antitrust
☐ 5.   Patent
☐ 6.   Labor-Management Relations
☐ 7.   Civil Rights
☐ 8.   Habeas Corpus
☐ 9.   Securities Act(s) Cases
☐ 10.  Social Security Review Cases
☐ 11.  All other Federal Question Cases
         *(Please specify): _____*

**B.**   *Diversity Jurisdiction Cases:*

☐ 1.   Insurance Contract and Other Contracts
☐ 2.   Airplane Personal Injury
☐ 3.   Assault, Defamation
☐ 4.   Marine Personal Injury
☐ 5.   Motor Vehicle Personal Injury
☐ 6.   Other Personal Injury *(Please specify): _____*
☐ 7.   Products Liability
☐ 8.   Products Liability – Asbestos
☐ 9.   All other Diversity Cases
         *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐   Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐   Relief other than monetary damages is sought.

DATE: _____   **/s/Charles M. Adams, CPCU, Esquire**   _____
                                                              *Attorney-at-Law / Pro Se Plaintiff*                              *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **HOME SOLUTIONS, LLC** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **AVS INSURANCE AGENCY, INC.** | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 5/19/2020 | Charles M. Adams, CPCU, Esq. | Wesminster American Insurance Co. |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-732-3255 | 215-732-3260 | cadams@lssh-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOME SOLUTIONS, LLC, | |
|     Plaintiff, | Civil Action No.: |
|     v. | |
| AVS INSURANCE AGENCY, INC., | **COMPLAINT** |
|     Defendant. | **JURY TRIAL DEMANDED** |

Plaintiff Home Solutions, LLC ("Home Solutions" or "Plaintiff") by and through its undersigned counsel, comes now before this Honorable Court and files this Complaint against Defendant, AVS Insurance Agency, Inc. ("AVS Insurance" or "Defendant"), and in support thereof avers as follows:

## I.     NATURE OF THE ACTION

1.     This is an "error or omissions" lawsuit arising out of Defendant's misrepresentation that Plaintiff was named as an additional insured on a general liability policy.

2.     Plaintiff was the general contractor at a residential construction project located at 1532 North 4th Street in Philadelphia, PA ("the Project").

3.     During the course of the Project, an accident occurred resulting in serious personal injuries to a laborer working for Plaintiff.

4.     Prior to the accident, Plaintiff hired an entity identified as Strong Contractors, Inc. ("Strong") as the framing subcontractor for the Project. Strong prridvied a Certificate of Liability Insurance to Home Solutions, evidencing the availability of liability insurance in the event of an accident.

5.      The Certificate stated that Plaintiff was an additional insured on Strong's liability policy with Crum & Forster Insurance Company for work performed on Plaintiff's behalf at the Project.

6.      Plaintiff reasonably relied on the Certificate of Liability Insurance in choosing to hire Strong as its framing subcontractor at the Project.

7.      As it turns out, Plaintiff was never identified as an additional insured on Strong's liability policy.

8.      A lawsuit was eventually filed against Plaintiff for the injuries sustained in the aforementioned accident. Plaintiff sought a defense from Strong's liability insurer, but was denied coverage, and has since incurred substantial damages in the form of defense costs and exposure to an adverse judgment in the underlying lawsuit, all of which would otherwise be covered under Strong's liability insurace policy had Defendant secured proper and adequate insurance as promised.

## II.     THE PARTIES

9.      Plaintiff, Home Solutions, is a Pennsylvania limited liability company located at 318 Thyme Lane, Philadelphia, Pennsylvania 19128. Home Solutions regularly conducts business within the Commonwealth of Pennsylvania and within this judicial district.

10.     Defendant, AVS Insurance, is an agent, broker, and producer of personal and commercial insurance services with offices at 1028 Rt. 206, Suite 2, Bordentown, New Jersey 08505. AVS Insurance regularly conducts business within the Commonwealth of Pennsylvania and within this judicial district.

2

### III.    JURISDICTION AND VENUE

11.    This Court has diversity jurisdiction over this action pursuant to 23 U.S.C. § 1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and this action is between citizens of different states.

12.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as the events and/or omissions giving rise to the Tyler Action occurred in this judicial district and Defendant regularly conducts business within this judicial district.

### IV.    FACTS COMMON TO ALL CAUSES OF ACTION

13.    On or about July 12, 2017, while Tyrone Tyler was cleaning debris on the second floor of the Project as a laborer for Home Solutions, he fell through a hole and sustained serious personal injuries ("the Accident"). Following the accident, on October 17, 2017, Mr. Tyler filed a lawsuit in the Philadelphia Court of Common Pleas against Home Solutions and other entities involved in the Project ("the Tyler Action"). See Complaint in the Tyler Action attached hereto as **Exhibit A**. Mr. Tyler alleged that Home Solutions and the other entities were negligent in failing to ensure there was appropriate fall protection in the area of the hole.

14.    During the course of the investigation into the Accident giving rise to the Tyler Action, it was discovered that Strong provided a Certificate of Liability Insurance dated May 26, 2017 ("the Certificate") to Home Solutions, evidencing the availability of liability insurance in the event of an accident like the one underlying the Tyler Action. See Certificate of Liability Insurance attached hereto **Exhibit B**.

15.    The Certificate purported to name Home Solutions as an additional insured on Strong's Policy No. BAK-25683-1 ("the Strong Policy") with Crum and Forster Insurance Company ("C&F"). Id.

3

16.     In particular, the Certificate designated Home Solutions as the "Certificate Holder," and stated "CERTIFICATE HOLDER IS ADDITIONAL INSURED AS RESPECTS WORK PERFORMED ON THEIR BEHALF" and further specified that the work was in relation to "PROJECT 1532 N 4TH STREET." Id.

17.     Based on the information in the Certificate regarding Strong's liability insurance, Home Solutions hired Strong as the framing subcontractor for the Project.

18.     Defendant is listed as the insurance agent who produced the Certificate on behalf of Strong and its liability insurer, C&F.

19.     In choosing to hire Strong as its framing subcontractor at the Project, Home Solutions reasonably relied on the representation that it was named as an additional insured on Strong's liability policy in the event of an accident such as the one underlying the Tyler Action.

20.     As it turns out, however, Plaintiff was never identified as an additional insured on Strong's liability policy.

21.     Plaintiff tendered defense and indemnification of the Tyler Action to Strong's liability insurer, C&F, based on the Certificate's naming Home Solutions as a putative additional insured.  C&F refused to defend Home Solutions – claiming it did not qualify as an additional insured under Strong's liability policy with C&F.  See March 27, 2019 Letter from C&F attached hereto as **Exhibit C**.

22.     C&F denied coverage to Home Solutions as an additional insured because it was not scheduled as an additional insured on the Policy and there was no written contract with the named insured, Strong. Id.

23.     Defendant AVS Insurance therefore failed to ensure that Plaintiff was actually scheduled as an additional insured on Strong's liability policy with C&F.

4

24.     Additionally, AVS Insurance failed to inform either Strong or Plaintiff that a contract was required to trigger additional insured status despite its representation to Plaintiff that it was "ADDITIONAL INSURED AS RESPECTS WORK PERFORMED ON THEIR BEHALF" at "PROJECT 1532 N 4TH STREET." See **Exhibit B**.

**COUNT I**
**NEGLIGENT MISREPRESENTATION**

**Home Solutions v. AVS Insurance**

25.     Plaintiffs hereby incorporate the preceding paragraphs of this Complaint as though same were set forth at length herein.

26.     As an insurance agent, producer, and broker, Defendant is in the business of regularly supplying commercial information regarding personal and business insurance.

27.     Defendant provided false information regarding commercial insurance available to Plaintiff by producing the Certificate which stated Home Solutions was listed as an additional insured for the work performed on its behalf by Strong at the 1532 Project. See **Exhibit B**.

28.     Home Solutions reasonably relied on the Certificate as evidence that Strong was insured for liability arising out of potential accidents at the 1532 Project, such as the accident which formed the basis for the Tyler Action

29.     Defendant knew that Home Solutions, as a contractor for whom Strong would be performing work, would rely on the representation that it was named as an additional insured on the Strong Policy.

30.     Defendant knew Plaintiff, as a contractor for whom Strong would be performing work, is a member of a group for whose benefit the information is supplied.

31.     However, Home Solutions was never scheduled as an additional insured on the Strong Policy.

5

32.    Moreover, Home Solutions was never informed that a contract was required to trigger its additional insured status.

33.    Based on Defendant's expertise as an insurance agent and producer, Home Solutions relied on the representation that it was "ADDITIONAL INSURED [on Strong's liability policy with C&F] AS RESPECTS WORK PERFORMED ON THEIR BEHALF" at "PROJECT 1532 N 4TH STREET." See **Exhibit B**.

34.    As a result of Defendant's failure to actually procure the insurance reflected on the Certificate of Insurance that was issued, Home Solutions was denied coverage by Strong's insurer, C&F.

35.    As a result of Defendants' aforementioned failure to procure insurance in favor of Plaintiff, Plaintiff has not received any insurance coverage from Crum & Forster for the underlying claims. This has caused and will continue to cause Plaintiff and/or its principals to incur costs of defense which it otherwise would not have incurred. It is also anticipated that Defendants' failure will cause Plaintiff and/or its principals to incur additional defense and indemnity costs which it otherwise would not have incurred.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $75,000, together with costs, interest, and attorney's fees, along with such other and further relief as this Honorable Court deems necessary and/or appropriate.

## COUNT II
## BREACH OF CONTRACT—PROMISSORY ESTOPPEL

### Home Solutions v. AVS Insurance

36.    Plaintiffs hereby incorporate the preceding paragraphs of this Complaint as though same were set forth at length herein

6

37.     By way of furnishing the Certificate for Strong to provide to Home Solutions, Defendant made a promise to Plaintiff that it would schedule Home Solutions as an additional insured on the Strong Policy.

38.     As an insurance agent with Defendant should have reasonably expected that the Certificate would induce action on the part of Home Solutions.

39.     The Certificate represented a promise which actually did induce action by Home Soltuions.   Namely, Home Solutions hired Strong as its framing subcontractor based on the information contained on the Certificate.

40.     Injustice can only be avoided by enforcement of the promise.

41.     If the promise is not enforced, Plaintiff and/or its principals will continue to incur costs of defense which it otherwise would not have incurred. Moreover, Plaintiff and/or its principals will incur additional indemnity costs which it otherwise would not have incurred.

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of $75,000, together with costs, interest, and attorney's fees, along with such other and further relief as this Honorable Court deems necessary and/or appropriate.

**Langsam Stevens Silver & Hollaender LLP**

Dated: May 19, 2020                                **By:** _____

Charles M. Adams, CPCU, Esquire
Pa. Identification No. 310405
1818 Market Street, Suite 2610
Philadelphia, PA 19103
T: 215-732-3255
F: 215-732-3260
E: CAdams@lssh-law.com
Attorneys for Plaintiff Home Solutions, LLC

7